VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV 89123
Tel.: 702-476-2500
Fax.: 702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiff Donald S. Logay*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD S. LOGAY,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING LLC, aka MIDLAND CREDIT MANAGEMENT INC., EXPERIAN INFORMATION SERVICES, INC., EQUIFAX, INC. and TRANS UNION, LLC,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT 15 & 1681, ET. SEQ. AND RELATED STATE LAWS AND JURY DEMAND** |

  Plaintiff, DONALD S. LOGAY ("Plaintiff"), by and through her attorney of record, Vernon Nelson, Esq. of the Law Office of Vernon Nelson, and for her claims for relief against Defendants, Midland Funding LLC aka Midland Credit Management, Inc., Experian Information Services, Inc., Equifax, Inc. and Trans Union, LLC., complains and alleges as follows:

**JURISDICTION AND VENUE**

  1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA") and related State Law Claims.

  2. This court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

  3. Venue in this District is proper because Plaintiff resides in the District of Nevada, the Plaintiff and Defendants conducted business in the District of Nevada, and the Plaintiff's claims arose from the acts of the Defendants perpetrated therein.

**PARTIES**

4. Plaintiff is an adult individual who resides in the State of Nevada and Plaintiff is a "consumer" as defined by Section 1681a (c) of the FCRA.

5. Midland Funding LLC is a debt buyer and a foreign limited liability company doing business in the State of Nevada. Midland Credit Management, Inc. is a foreign corporation doing business in the State of Nevada and is an affiliate of Midland Funding LLC which services Midland Funding LLC's accounts. Midland Funding LLC and Midland Credit Management, Inc. hereinafter shall be collectively referred to as "Midland". Midland is a furnisher of information, who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about "Consumer Credit;" including, consumer transactions or experiences with any consumer. The information regarding Consumer Credit is subsequently maintained and reported by the credit reporting companies to third parties associated with Plaintiffs. Midland is subject to the FCRA.

6. Experian Information Services, Inc. ("Experian") is a "consumer reporting agency," as defined in 15 U.S.C. 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d). Experian disburses consumer reports to third parties under contract for monetary compensation.

7. Equifax, Inc. ("Equifax") is a "consumer reporting agency," as defined in 15 U.S.C. 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d). Equifax disburses consumer reports to third parties under contract for monetary compensation.

8. Trans Union, LLC ("TransUnion") is a "consumer reporting agency," as defined in 15 U.S.C. 1681a(f). TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d). TransUnion disburses consumer reports to third parties under contract for monetary compensation.

///

**FACTUAL ALLEGATIONS**

9. Plaintiff repeats incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

10. Midland reported an alleged debt owed by Plaintiff to all Consumer Reporting Agencies, to wit: Experian, Equifax and TransUnion (the "Alleged Debt").

11. The Alleged Debt shows as an active and open collection account with an incorrect last date of activity in the Plaintiff's credit reports; when in fact, the Alleged Debt's last date of activity and payment was February 2010 and that the account should have been "charged-off." This inaccurate reporting is illegally re-aging Mr. Logay's account and damaging his credit.

12. When Plaintiff learned that Midland was reporting inaccurate information on this Alleged Debt in his credit reports, he filed a dispute with all credit reporting agencies on April 16, 2016.

13. The Plaintiff provided written notice to Midland that its reporting of the Alleged Debt was inaccurate, misleading, and wrongful. However, Midland knowingly and wrongfully continued to report the Alleged Debt inaccurately. Moreover, Midland failed to adequately investigate Plaintiff's dispute and it failed to evaluate or consider any of Plaintiff's information, claims, or evidence. Midland never informed Plaintiff of the results of any investigation of Plaintiff's dispute.

14. The Plaintiff also provided written notice to credit reporting agencies that Midland's reporting of the Alleged Debt was inaccurate, misleading, and wrongful. Plaintiff understands that Midland was notified by credit reporting agencies that that Plaintiff disputed Midland's wrongful, misleading, and inaccurate reporting. Nevertheless, Midland knowingly and wrongfully continued to report the Alleged Debt inaccurately and it failed to adequately investigate Plaintiff's dispute. Midland failed to evaluate or consider any of Plaintiff's information, claims, or evidence and it did not make any reasonable attempt to verify the disputed reporting of the Alleged Debt. Moreover, Midland failed to: (1) notify Plaintiff that Midland had provided information about the Alleged Debt to credit reporting agencies; and (2) notify Plaintiff of the results of Midland's investigation of Plaintiff's dispute.

15. Plaintiff also notified Experian, Equifax and TransUnion that he disputed Midland's wrongful, inaccurate, and misleading reporting of the Alleged Debt. Experian, Equifax and TransUnion failed to correct the wrongful, inaccurate and misleading reporting of the Alleged Debt in violation of

1 the FCRA.

2   16.   Equifax's and Experian's continued knowing, wrongful, inaccurate, and misleading reporting of the Alleged Debt demonstrates that they failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any reasonable attempt to verify the disputed reporting of the Alleged Debt. Equifax's and Experian's conduct also demonstrates that they failed to adequately investigate Plaintiff's dispute. Moreover, Experian, Equifax and TransUnion have failed to indicate that Plaintiff disputes the reporting of the Alleged Debt.

   17.   The actions of Midland as described in paragraphs 9-12 above constitute numerous, repeated, and intentional violations of the FCRA.

   18.   The actions of Experian, Equifax and TransUnion as described in Paragraphs 13-14 above constitute constitute numerous, repeated, and intentional violations of the FCRA.

   19.   As a result of Defendants' violations, Plaintiff incurred significant damages, including attorney's fees and costs to prosecute this matter.

   20.   Defendants' violations of the FCRA have caused the Plaintiff to suffer substantial damages. In this regard, the Plaintiff has suffered: (1) substantial economic damages; (2) severe emotional damages, and (3) damages to her credit history and reputation.

   21.   In addition, the Plaintiff has incurred substantial attorney's fees.

   22.   The actions of Defendants were committed by other persons or entities employed by Midland (collectively the "Midland Parties"), Experian (collectively the "Experian parties") and Equifax (collectively the "Equifax Parties"). The actions of the Midland Parties, Experian Parties and Equifax Parties were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by the Defendants.

   23.   The actions of Defendants were committed in their capacity as agents of their principal. The actions of Midland, Experian, Equifax and TransUnion were committed within the scope and authority granted by their principals and were motivated to benefit their principals.

   24.   Defendants are therefore liable to Plaintiff through the doctrine of Respondent Superior for the unlawful actions of their employees, including but not limited to violations of the FCRA and the laws of the State of Nevada.

## FIRST CLAIM FOR RELIEF

**Violations of FCRA against Experian, Equifax and TransUnion**

25. Plaintiff repeats incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

26. Equifax and Experian violated the FCRA by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they publish and maintain concerning plaintiff.

27. Equifax and Experian violated the FCRA by failing to delete or correct the aforementioned inaccurate information in plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Midland, by failing to maintain reasonable procedures with which to filter and verify disputed information in plaintiff's credit file, and by relying upon verification from a source each has reason to know is unreliable.

28. Equifax and Experian violated the FCRA by failing to update Plaintiff's credit report to reflect that Plaintiff disputed Midland's reporting of the Alleged Debt.

29. As a direct and proximate result of this conduct, action, and inaction of Equifax and Experian, plaintiff suffered, and continues to suffer, damage by loss of credit, loss of the ability to purchase and benefit from credit, as well as credit denials.

30. As a direct and proximate result of the above-referenced violations by Equifax and Experian, plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter. In addition, Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian.

31. Plaintiff may have suffered damages in other ways and to other extents not presently known to plaintiff, and not specified herein. Plaintiff reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**Violations of FCRA against Midland**

32. Plaintiff incorporates by reference each and every allegation previously made in this

1  Complaint, as if fully set forth herein.

2      33.    Midland is a "furnisher" of credit information to credit reporting companies and has
3  responsibilities as a furnisher of information to consumer reporting agencies under the FCRA. The
4  actions of Midland as described in paragraphs 9-12 above constitute numerous, repeated, and
5  intentional violations of the FCRA.

6      34.    Midland knowing violated the FCRA by reporting, and continuing to report wrongful,
7  inaccurate, and misleading information to Equifax and Experian regarding the Alleged Debt.

8      35.    Midland knowing violated the FCRA by failing to establish or follow reasonable
9  procedures to assure the accuracy of the information that it reports to credit agencies.

10      36.    Midland failed to adequately investigate Plaintiff's dispute. Midland failed to
11  evaluate or consider any of Plaintiff's information, claims, or evidence. Moreover, Midland failed
12  to: (1) notify Plaintiff that Midland had provided information about the Alleged Debt to credit
13  reporting agencies; and (2) notify Plaintiff of the results of Midland's investigation of Plaintiff's
14  dispute

15      37.    Midland knowingly violated the FCRA by failing to delete or correct the
16  aforementioned inaccurate information that it reported to Equifax and Experian about the Alleged
17  Debt.

18      38.    Midland knowingly violated the FCRA by failing to report to Equifax and Experian
19  that Plaintiff disputed Midland's reporting of the Alleged Debt.

20      39.    As a direct and proximate result of this conduct, action, and inaction of Midland,
21  plaintiff suffered, and continues to suffer, damage by loss of credit, loss of the ability to purchase
22  and benefit from credit, as well as credit denials.

23      40.    As a direct and proximate result of the above-referenced violations by Midland,
24  plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this
25  matter. In addition, Plaintiff is entitled to recover costs and attorneys' fees from Midland.

26      41.    Plaintiff may have suffered damages in other ways and to other extents not presently
27  known to plaintiff, and not specified herein. Plaintiff reserves the right to assert additional facts and
28  damages not referenced herein, and/or to present evidence of the same at the time of trial.

### THIRD CLAIM FOR RELIEF

### Violation of NRS Chapter 598 Deceptive Trade Practices

### Against Midland, Equifax and Experian

42. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

43. Plaintiff is a "consumer" pursuant to NRS Chapter 598 Deceptive Trade Practices.

44. Defendants engaged in unfair or deceptive acts or practices in the conduct of its commerce or trade through its unfair and deceptive credit reporting activities in violation of NRS Chapter 598.

45. Plaintiff has suffered and continues to suffer damages as a result of the Defendants' unfair and deceptive acts and conduct. Plaintiffs are entitled to recover all compensatory and actual damages (including, but not limited to emotional distress and punitive damages), as well as treble damages, costs and attorney's fees as provided by NRS Chapter 598.

WHEREFORE Plaintiff prays for judgment against Defendants for all damages to which they are entitled in such categories and in such amounts as deemed appropriate by the jury and this Court.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all of the issues in this action.

DATED this 1st day of March, 2017.

          THE LAW OFFICE OF VERNON NELSON

          By: */s/ Vernon Nelson*
             VERNON NELSON, ESQ.
             Nevada Bar No.: 6434
             9480 S. Eastern Avenue, Suite 244
             Las Vegas, NV   89123
             Tel:  702-476-2500
             Fax:  702-476-2788
             E-Mail:  vnelson@nelsonlawfirmlv.com
             *Attorney for Plaintiff Donald S. Logay*